UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN MICHELLE FOSTER,

    Plaintiff,

v.                           Case No: 8:11-CV-2302-T-35AEP

MARGARET T. COURTNEY, TAMPA
POLICE DEPARTMENT, and FLORIDA
DEPARTMENT OF HIGHWAY SAFETY
AND MOTOR VEHICLES,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Plaintiff's Amended Complaint (Dkt. No. 13) and Affidavit of Indegency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*. The Plaintiff filed her original Complaint on October 11, 2011. (Dkt. No. 1.) The Court reviewed the Complaint and determined that it contained numerous deficiencies. (Dkt. No. 10.) Thus, the Court took the construed Motion for Leave to Proceed *in forma pauperis* under advisement and granted the Plaintiff leave to amend her Complaint based on the noted deficiencies. (Dkt. No. 10.) The Plaintiff then filed her Amended Complaint on January 10, 2012. (Dkt. No. 13.)

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the

case and to dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed.Appx. 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). In reviewing the Complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

After reviewing the Plaintiff's Amended Complaint (Dkt. No. 13), the Court notes that the Plaintiff has corrected many of the deficiencies in her original Complaint. However, the Plaintiff's Amended Complaint is still a long, complicated narrative of facts lacking in discernible legal claims. (Dkt. No. 13.) Out of this complicated narrative, there are several claims that the Court is able to glean. First, the Plaintiff alleges several claims against Defendant Judge Margaret Courtney under 42 U.S.C. § 1983. (Dkt. No. 13. at 6-17.) However, a judge acting in his or her judicial capacity is immune from suit under 42 U.S.C. § 1983. *Stump v. Sparkman*, 435 U.S. 348, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he as acted in the 'clear absence of all jurisdiction.'") Therefore, because the Plaintiff does not allege any facts that would be sufficient to suggest that the judge was acting without

jurisdiction or not in her official capacity, Defendant Judge Courtney is immune from claims in this case.

The Plaintiff also claims that several of the actions taken during her state trial were in error. (Dkt. No. 13 at 6-17.) Specifically, the Plaintiff alleges that Defendant Judge Courtney committed "fraud upon the court" when she admitted she was not paying attention to the proceedings and when she allowed perjury in her courtroom. (Dkt. No. 13 at 9.) Additionally, the Plaintiff claims that Defendant Judge Courtney engaged in six different instances of "deliberate indifference to discrimination" during the course of the trial. (Dkt. No. 13 at 8.) However, those claims must first be brought on appeal from the state court that issued the decision before seeking relief in this Court. A federal court is required to abstain when federal adjudication of a claim would interfere with an ongoing criminal proceeding in a state court. *Younger v. Harris*, 401 U.S. 37, 43 (1971). A plaintiff that wants to contest the decision of a state court in federal court "must exhaust [her] state appellate remedies before seeking relief in the District Court." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). The Plaintiff's Amended Complaint fails to indicate whether she has pursued her state appellate remedies in regards to these claims pertaining to her state criminal mischief trial. (Dkt. No. 13.) If she has not done so, the Plaintiff must first pursue state appellate remedies for these alleged issues with the state court before this Court can rule on these claims.

Next, the Court is able to decipher several claims that the Plaintiff brings against Defendant Tampa Police Department and Defendant Department of Highway Safety and Motor Vehicles, which can be broadly categorized as alleged violations of the Americans with

3

Disabilities Act ("ADA"), Title II. (Dkt. No. 13.) "To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a 'qualified individual with a disability;' (2) that he was 'excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity' or otherwise 'discriminated [against] by such entity;' (3) 'by reason of such disability.'" *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (citing 42 U.S.C. § 12132). In her Amended Complaint, the Plaintiff does not provide any facts sufficient to show that she was denied the benefits of the services provided by either the Tampa Police Department or the Department of Highway Safety and Motor Vehicles because of her disability. (Dkt. No. 13.) Additionally, the Plaintiff provides no facts that she was otherwise discriminated against by either of these government entities. (Dkt. No. 13.) Therefore, the Plaintiff's ADA claims against both Defendants Tampa Police Department and the Department of Highway Safety and Motor Vehicles are improper.

The Plaintiff also brings a § 1983 claim against Defendant Tampa Police Department based on the alleged violation of her rights pertaining to Title II of the ADA. (Dkt. No. 13 at 29.) However, a plaintiff cannot bring both a § 1983 claim and a claim under the ADA when the "only alleged deprivation is the plaintiff's rights created by the . . . ADA." *Kruger v. Jenne*, 164 F. Supp. 2d 1330, 1339 (S.D. Fla. 2000); *see also Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1530 (11th Cir. 1997) (noting that a plaintiff should bring suit under the ADA, instead of § 1983, because the ADA provides a comprehensive remedial framework designed to remedy such violations). In this case, the Plaintiff bases her § 1983 claims against Defendant Tampa Police Department exclusively on the alleged violation of her rights under the ADA. (Dkt. No. 13 at 29.) Thus, the Plaintiff's § 1983 claims are improper.

4

Finally, the Plaintiff claims that Defendant Department of Highway Safety and Motor Vehicles violated her Fifth Amendment Constitutional right when someone from the Department reviewed her online answers to questions asked in her online traffic school. (Dkt. No. 13 at 19.) The Plaintiff alleges that this review by the Department essentially required her to testify against herself prior to her government hearing in violation of the Fifth Amendment. (Dkt. No. 13 at 19.) However, the Fifth Amendment only prevents "compelled explicit or implicit disclosures of *incriminating* information." *Doe v. U.S.*, 487 U.S. 201, 212 (1988) (emphasis added). The Plaintiff's Amended Complaint alleges generally that her Fifth Amendment right was violated without providing facts sufficient to determine whether her online responses were indeed incriminating information. (Dkt. No. 13 at 19.) Thus, the Plaintiff's Fifth Amendment claim is improper.

Accordingly, and after due consideration, the Court **RECOMMENDS** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. No. 2) be **DENIED** and the Amended Complaint (Dkt. No. 13) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida this 27th day of April, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:

Hon. Mary S. Scriven

*Pro se* parties

Counsel of Record